ORIGINAL

# In the United States Court of Federal Claims

No. 16-1621C

(Filed: January 17, 2017)

FILED
JAN 1 7 2017
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| WILLIAM LEE GRANT, II, ) | Pro Se Complaint; Sua Sponte |
| ) | Dismissal; Frivolous. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

William Lee Grant, II,, Springfield, IL, pro se.

Heidi L. Osterhout, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, for defendant.

ORDER OF DISMISSAL

On December 6, 2016, plaintiff, William Lee Grant, II, filed a complaint in this court appearing pro se. ECF No. 1. Plaintiff also filed with his complaint an application to appear in forma pauperis (IFP Application), seeking permission to proceed without paying the court's filing fee. ECF No. 3.

Pursuant to 28 U.S.C. § 1915, a "court of the United States" is permitted to waive filing fees and security under certain circumstances.[1] See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366 – 67 (2006) (concluding that § 1915(a)(1) applies to both prisoners and non-prisoners alike). As explained by the website maintained by the court regarding pro se information, "in forma pauperis" is defined as "[p]ermission to sue without prepayment of fees, given by the court to a person who does not have financial means to pay." Pro Se Information, http://www.uscfc.uscourts.gov/pro-se-information (last visited Jan. 13, 2017). Plaintiffs

---

[1] The Court of Federal Claims, while not generally considered to be a "court of the United States" within the meaning of Title 28 the United States Code, is deemed to be a "court of the United States" for purposes of this statute, and thus has jurisdiction to grant or deny IFP applications. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915).

wishing to proceed in forma pauperis must submit an affidavit that includes a statement of their assets, declares their inability to pay the fees or give the security, and describes the nature of the action brought and the basis for the redress sought. 28 U.S.C. § 1915(a)(1).

Under ordinary circumstances, "the threshold for a motion to proceed in forma pauperis is not high: [t]he statute requires [simply] that the applicant be 'unable to pay such fees.' 28 U.S.C. § 1915(a)(1). To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff." Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007); see also Moore v. United States, 93 Fed. Cl. 411, 414 – 15 (2010).

Regardless of whether the filing fee is paid or waived, the court must dismiss a case upon determining that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining when an action lacks an arguable basis in law or fact); Taylor v. United States, 568 F. App'x 890, 891 (Fed. Cir. 2014) (citing 28 U.S.C. § 1915(e)(2)(B)) ("a district court is required to dismiss a frivolous complaint from a litigant who is proceeding in forma pauperis."). "Frivolous complaints include those in which the factual allegations asserted are so unbelievable that there is no need for an evidentiary hearing to determine their veracity." Taylor, 568 F. App'x at 891 (citing Neitzke, 490 U.S. at 327 (frivolous claims include those that describe "fantastic or delusional scenarios")).

In his complaint, Mr. Grant presents the following questions for resolution by the court:

1. What are the legal ramifications to the U.S. Department of Justice for creating a program to investigate the United States Federal government, and for engineering a person from birth to be an Informant for the Justice Department violating his constitutional rights?
2. Where shall Illinois Governor Bruce Rauner and Chicago Mayor Rahm Emanuel be tried for their acts of treason?
3. Will this court direct Hillary Clinton to submit to a DNA test to verify it was her hair found on the body of Vince Foster?
4. Where shall Dick Cheney and Donald Rumsfeld be tried for their invasion of a Iraq [in] violation International law?

Compl. 3.

The court's initial review of Mr. Grant's complaint suggests that he does not state a claim over which this court has jurisdiction. See 28 U.S.C. § 1491(a)(1); Hebert v. United States, 114 Fed. Cl. 590, 593 (2014) (failure to comply with court's jurisdictional requirements not excused even for pro se plaintiffs). "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "In deciding whether there is subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden, 379 F.3d at 1354 (quoting Shearin v. United States, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Rules of the United States Court of Federal Claims (RCFC) 12(h)(3).

With limited exceptions, this court has authority to "issue judgments for money against the United States only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment." Drake v. Fitzwater, No. 14-408C, 2015 WL 1883766, at *1 (Fed. Cl. Apr. 23, 2015) (citing United States v. Testan, 424 U.S. 392, 397–98 (1976)). A plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" for the court to exercise jurisdiction over a claim. Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The substantive source of law allegedly violated must "'fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)). Mr. Grant's failure to ground his claims in a money-mandating statute, regulation, or contract, leaves this court without jurisdiction to hear his claims.

Mr. Grant has brought strikingly similar claims in other federal courts that were found to be frivolous and dismissed. See Grant v. Kabaker et al., No. 16-CV3132, ECF No. 7 (C.D. Ill., June 20, 2016) (dismissing plaintiff's claims as frivolous and denying plaintiff's motion to proceed in forma pauperis); Grant v. Kabaker et al., No. 16-CV3239, ECF No. 3 (C.D. Ill., Sept. 6, 2016) (dismissing plaintiff's claims as frivolous and denying plaintiff's motion to proceed in forma pauperis); Grant v. Kabaker et al., No. 16-CV3245, ECF No. 24 (C.D. Ill., Oct. 12, 2016) (granting defendant's motion to dismiss for failure to state a claim). Plaintiff's complaint before this court appears to be a hand edited copy of a petition for writ of certiorari prepared on behalf of plaintiff for filing with the Supreme Court that requests review of three of plaintiff's claims dismissed by the U.S. District Court of the Central District of Illinois. Compl.

Plaintiff has appealed to the Seventh Circuit Court of Appeals challenging the district court's determination of his claims as frivolous. That appeal is still pending. Grant v. Kabaker et al., No. 16-CV3748, (7th Cir., Oct. 24, 2016) appealing No. 16-CV3245 (C.D. Ill., 2016). Persuaded that plaintiff's motion for leave to proceed in forma

3

pauperis on appeal was not brought in good faith, the district court denied that motion. Grant, No. 16-CV3245, ECF No. 33.

In light of this litigation history, and in accordance with the guidance provided by the Federal Circuit in Taylor, 568 F. App'x at 891, the court finds that plaintiff's complaint involves fantastic allegations that do not require – and cannot receive – further proceedings here. The court also finds that plaintiff's history of filing frivolous, repetitive, and vexatious actions weighs heavily against granting plaintiff's IFP application. The cases plaintiff has filed to date reflect an abuse of the judicial process, which depletes the court and the government of the resources required to address meritorious claims brought by pro-se litigants.

Based on plaintiff's history of vexatious and duplicative litigation, the court finds that plaintiff is not entitled to a waiver of the filing fee. Accordingly, plaintiff's IFP Application is **DENIED**, and plaintiff's complaint is **DISMISSED** as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B), and for lack of subject matter jurisdiction under RCFC 12(h)(3).

The Clerk of Court shall enter judgment for defendant. No costs.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge